**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GWENDOLYN M. BALDWIN,          :
                               :
            Plaintiff,         :
                               :
    v.                         :          Civil Action No. 06-1956
                               :
SUPERIOR COURT OF D.C.,        :
                               :
            Defendant.         :

<u>**ORDER**</u>

Defendant has filed a motion to dismiss or, alternatively, for summary judgment. Because a ruling on defendant's motion potentially could dispose of this case, the Court hereby advises the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id*. at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The court specified that the "text of Rule 56(e) should be part

of the notice" issued to the *pro se* litigant.  *Id.*  Under Rule 56(e)

of the Federal Rules of Civil Procedure:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, parties, such as plaintiffs, who are

adverse to a motion for summary judgment must rebut the moving party's

affidavits with other affidavits or sworn statements; simple

allegations that the moving party's affidavits are inaccurate or

incorrect are not sufficient.  For these purposes, a verified complaint

shall serve as an affidavit.  *See Neal*, 963 F.2d at 457-58.

Accordingly, it is hereby

ORDERED that plaintiff shall file an opposition or other response

to defendant's motion by **February 28, 2007.**  If plaintiff  fails to

respond by this date, the Court may treat the motion as conceded and

either may dismiss this action or may enter judgment in defendant's

favor.

SO ORDERED.

                              /s/
                              GLADYS KESSLER
                              United States District Judge
Date: 1/29/07