UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gwendolyn Baldwin, )
Plaintiff, ) Civil Action No. 06-1956(GK)
v. )
Superior Court of The )
District of Columbia. )
Defendant. )

Motion

A motion for informal Hearing was filed, and in answer, your Honor Stated, a Order, that promised; Once Defendant filed an appearance or an answer in this case, the Court would be happy to entertain the motion. I ask for this Motion to be granted; at this time, (Motion was denied without prejudice)

Attachments

[signature]

CC: AAG. Delorenzo

1427 A First St. N.W.
Washington, D.C. 20007
Phone Number (202) 986-1719

RECEIVED
MAR 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GWENDOLYN M. BALDWIN,** :
:
**Plaintiff,** :
:
**v.** : **Civil Action No. 06-1956 (GK)**
:
**D.C. SUPERIOR COURT,** :
:
**Defendant.** :

**ORDER**

Plaintiff has filed a Motion for an Informal Hearing or Mediation to see if a settlement could be obtained. The Motion must be **denied without prejudice** because Defendant has not yet filed an appearance or an answer in this case. Once Defendant is a proper party, the Court will be happy to entertain the Motion.

December 7, 2006

/s/
Gladys Kessler
United States District Judge

**Copy to:**

**Gwendolyn M. Baldwin**
**1427A First Street, NW**
**Washington, D.C. 20001**

# AUTHORITY FOR PROMULGATION OF RULES

## TITLE 28, UNITED STATES CODE

### § 2072. Rules of procedure and evidence; power to prescribe

(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.

(b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

(c) Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title.

(Added Pub. L. 100–702, title IV, § 401(a), Nov. 19, 1988, 102 Stat. 4648, eff. Dec. 1, 1988; amended Pub. L. 101–650, title III, §§ 315, 321, Dec. 1, 1990, 104 Stat. 5115, 5117.)

### § 2073. Rules of procedure and evidence; method of prescribing

(a)(1) The Judicial Conference shall prescribe and publish the procedures for the consideration of proposed rules under this section.

(2) The Judicial Conference may authorize the appointment of committees to assist the Conference by recommending rules to be prescribed under sections 2072 and 2075 of this title. Each such committee shall consist of members of the bench and the professional bar, and trial and appellate judges.

(b) The Judicial Conference shall authorize the appointment of a standing committee on rules of practice, procedure, and evidence under subsection (a) of this section. Such standing committee shall review each recommendation of any other committees so appointed and recommend to the Judicial Conference rules of practice, procedure, and evidence and such changes in rules proposed by a committee appointed under subsection (a)(2) of this section as may be necessary to maintain consistency and otherwise promote the interest of justice.

(c)(1) Each meeting for the transaction of business under this chapter by any committee appointed under this section shall be open to the public, except when the committee so meeting, in open session and with a majority present, determines that it is in the public interest that all or part of the remainder of the meeting on that day shall be closed to the public, and states the reason for so closing the meeting. Minutes of each meeting for the transaction of business under this chapter shall be maintained by the committee and made available to the public, except that any portion of such minutes, relating to a closed meeting and made available to the public, may contain such deletions as may be necessary to avoid frustrating the purposes of closing the meeting.

(2) Any meeting for the transaction of business under this chapter, by a committee appointed under this section, shall be preceded by sufficient notice to enable all interested persons to attend.

(d) In making a recommendation under this section or under section 2072 or 2075, the body making that recommendation shall provide a proposed rule, an explanatory note on the rule, and a written report explaining the body's action, including any minority or other separate views.

(e) Failure to comply with this section does not invalidate a rule prescribed under section 2072 or 2075 of this title.

(Added Pub. L. 100–702, title IV, §401(a), Nov. 19, 1988, 102 Stat. 4649, eff. Dec. 1, 1988; amended Pub. L. 103–394, title I, §104(e), Oct. 22, 1994, 108 Stat. 4110.)

**§2074. Rules of procedure and evidence; submission to Congress; effective date**

(a) The Supreme Court shall transmit to the Congress not later than May 1 of the year in which a rule prescribed under section 2072 is to become effective a copy of the proposed rule. Such rule shall take effect no earlier than December 1 of the year in which such rule is so transmitted unless otherwise provided by law. The Supreme Court may fix the extent such rule shall apply to proceedings then pending, except that the Supreme Court shall not require the application of such rule to further proceedings then pending to the extent that, in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies.

(b) Any such rule creating, abolishing, or modifying an evidentiary privilege shall have no force or effect unless approved by Act of Congress.

(Added Pub. L. 100–702, title IV, §401(a), Nov. 19, 1988, 102 Stat. 4649, eff. Dec. 1, 1988.)


Exhibit
A

m DCD-46

# District Court Department of The Trial Court

W.Roxbury Division

No.

IN THE MATTER OF Gwendolyn Baldwin

## PETITION FOR COMMITMENT PURSUANT TO G.L. c. 123, ss. 7 & 8

Petitioner, Peter B. Randolph, M.D. (name), Center Director (title)

illy represents: Gwendolyn Baldwin

hat the Respondent is a female (sex), age 35 years, and is a patient in Bay Cove Mental Health Ctr. (name of facility)

to G.L. c. 123, s. 12, and that the period during which (s)he may be retained thereunder expires on 7/16/94. (Attach copy of prior order of commitment or other writing indicating authority hich Respondent is being retained.)

That the court is being petitioned for the commitment of the Respondent to this or another facility of, or licensed by, artment of Mental Health, or to Bridgewater State Hospital, and for his or her retention therein until such time as not a likelihood of serious harm by reason of mental illness if (s)he is not hospitalized, or for the period of 6 months (enter 6 mo. or 1 yr.), whichever is less.

That your Petitioner has determined that failure to [illegible] would create a likelihood of serious y reason of mental illness, and in support thereof st[illegible]

The Respondent is mentally ill by reason of a "subs[illegible] of DMH Reg. 200.01, namely

Bipolar Disorder - Manic Phase

By virtue of said disorder, there is, as defined in G.L. c 123, s. 1, a likelihood of serious harm, specifically (check ap- sections, and where applicable describe evidence of prior behavior/or affected judgment supporting such belief):

a. a substantial risk of physical harm to the person himself, which has been manifested by threats of, or attempts at, ... bodily harm, specifically:



*The Commonwealth of Massachusetts*

*Department of Mental Health*

BAY COVE MENTAL HEALTH CENTER

INPATIENT UNIT

AT LEMUEL SHATTUCK HOSPITAL

170 MORTON STREET

JAMAICA PLAIN, MASSACHUSETTS 02130

8/22/94

To whom it may concern -
Gwendolyn Baldwin was hospitalized at Bay Cove Mental Health Center from 7/6/94 until 8/16/94. Her diagnosis at that time was bipolar disorder, manic phase. At the time of her discharge, she appeared a[illegible]

Exhibit

B



District of Columbia Courts
500 Indiana Avenue, N.W.
Washington, D. C. 20001



Larry P. Polansky
Executive Officer

202 879-1700

April 21, 1988

In the Matter of Gwendolyn M. Baldwin

DECISION AND AGREEMENT

Ms. Gwendolyn Baldwin was hired by the District of Columbia Superior Court on February 1, 1988. After discovery by the Director of Social Services that she had been convicted of a crime and served a six month probation with the Social Services Division in 1983, she was terminated from employment as of Friday, April 1, 1988 since the information had not been disclosed on her employment application or during the pre-employment interview. Ms. Baldwin maintained that she had been mentally ill in 1983 and that she had no recollection of the commission of the crime, her conviction or her reporting for probation during the six months following conviction. Ms. Baldwin's contentions are substantially supported in a letter from her psychiatrist, dated April 12, 1988, in which the psychiatrist states that she had been hospitalized for an acute psychotic episode in 1983 and that it is not unusual for someone with this condition to block out events during the period of the illness.

Based on this letter and Ms. Baldwin's statement, I find it reasonable to conclude that Ms. Baldwin did not intentionally conceal the conviction of a crime in 1983 from her employment application and interview. I also conclude that the termination was not based on any consideration or evaluation of performance or the ability to perform her job.

For those reasons I direct that Ms. Baldwin be reinstated to a position of comparable grade and responsibility within the Social Services Division. The reinstatement is to be effective as of the date of the termination (April 1, 1988) and she is to receive back pay from April 1, 1988 to the date she reports for work. Ms. Baldwin is to be entitled to all benefits without a break-in service. I further direct that Ms. Baldwin, at her specific request, not be assigned to the Intensive Probation Supervision program.

This reinstatement is subject to all employment practices and regulations of the Social Services Division and the Personnel Policies of the District of Columbia Courts and specifically conditioned upon Ms. Baldwin's ability to perform the requirements of the position.

Larry P. Polansky
Executive Officer
D.C. Courts

Attest and Agreed:

4/25/88
Date

Gwendolyn M. Baldwin

4/25/88
Date

Alan M. Schuman
Director, Social Services Division


Exhibit
C



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

WASHINGTON, D. C. 20001

38-AS
August 9, 1994

TO : Moses McAllister, Director
Social Services Division

THRU : James E. Porter, Deputy Director JEP
Adult Supervision Branch

THRU : Kevin Fidgeon, Assistant Deputy Director
Adult Supervision Branch

FROM : James H. Davis, Supervisory Probation Officer
Adult Supervision Branch

SUBJECT : Termination of Employment
Ref: Gwendolyn M. Baldwin, Probation Assistant

Based on the apparent abandonment of job due to the excessive hours (417) amassed since her last day at work, I am requesting that Gwendolyn M. Baldwin's employment be terminated effective August 27, 1994.

I have notified Ms. Baldwin by means of a registered letter of my intentions (See Attached) of this action.

Attached are past memos reflecting Ms. Baldwin's repeated problems regarding time and attendance and inappropriate behavior. The attached, plus her current absence without approved leave has resulted in my recommendation for termination.

I sincerely hope that my recommendation meets with your approval.


Exhibit
D

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Gwendolyn Baldwin,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No. 06-1956 (GK)** |
| **v.** | ) | |
| | ) | |
| **Superior Court of the District Of Columbia,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE THE FEBRUARY 22, 2007 INITIAL CASE CONFERENCE**

Upon consideration of the Defendant's Motion to Continue the February 22, 2007 Initial Case Conference, any opposition thereto and the facts and law considered, it is this 2nd day of February, 2007,

HEREBY ORDERED that the Defendant's Motion is GRANTED; and it is further

ORDERED that the Initial Case Conference shall be continued to

March 14, 2007 at 10 a.m.

Gladys Kessler
The Honorable Gladys Kessler
United States District Court


Exhibit
E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GWENDOLYN BALDWIN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 06-1956 (GK)** |
| **SUPERIOR COURT OF THE DISTRICT OF COLUMBIA,** | ) | |
| **Defendant.** | ) | |

**O R D E R**

This matter is now before the Court upon Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment [Dkt. No. 8, Dkt. No. 9]. Plaintiff is proceeding pro se in this matter.

On January 29, 2007, the Court ordered Plaintiff file her opposition or other response no later than February 28, 2007, or the Court may treat the Motion as conceded and may dismiss this action or may enter judgment in Defendant's favor. To date, Plaintiff has failed to respond to the Motion.[1]

Accordingly, it is hereby

**ORDERED** that Plaintiff's action is **dismissed with prejudice**.

March 5, 2007

/s/
Gladys Kessler
U.S. District Judge



[1] It appears that Plaintiff may have confused this deadline with the date set for the Initial Scheduling Conference, which was initially scheduled for February 22, 2007 and was continued to March 14, 2007. The Court perceives no ambiguity in these deadlines justifying Plaintiff's failure to respond.